IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LITE-NETICS, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>NU TSAI CAPITAL LLC d/b/a HOLIDAY BRIGHT LIGHTS,<br><br>　　Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR WILLFUL PATENT INFRINGEMENT

Plaintiff Lite-Netics, LLC ("Lite-Netics") files this Complaint for patent infringement and willful patent infringement against Defendant Nu Tsai Capital LLC d/b/a Holiday Bright Lights ("Nu Tsai Capital") and alleges as follows:

## Introduction

1. This case is about how Nu Tsai Capital—a large lighting company with showrooms scattered across the United States—took a shortcut to success by copying Lite-Netics' patented product. Nu Tsai Capital's brazen actions indicate that it does not believe that Lite-Netics could afford to defend its property rights.

2. Lite-Netics' patented magnetic light strands illuminate homes and businesses across the United States during the holidays. The patented products provide users with an easy, damage-free installation and effortless take-down. Shawn Genenbacher—Lite-Netics' founder and inventor of the patented products—built Lite-Netics from the ground up through a bootstrapped effort. Lite-Netics has developed a loyal customer base due to its innovative products.

3. Unsurprisingly, Lite-Netics' products garnered attention from competitors, resulting in numerous attempts to use his patented design without permission. Genenbacher has

diligently monitored the industry, protecting his property rights by notifying infringers of their unlawful actions and demanding they cease their actions. Nu Tsai Capital is the latest competitor to take a shot at usurping Lite-Netics' technology, perhaps believing that it poses too large a challenge for Lite-Netics to defend its patents.

## Parties

4. Lite-Netics is a Texas limited liability company with a place of business in Lubbock, Texas.

5. Nu Tsai Capital is an Illinois limited liability company with a principal office at 4433 South 96th St, Omaha, Nebraska 68127. On information and belief, David Stage is Nu Tsai Capital's registered agent in Nebraska and may be served at 103 South McKenna Avenue, P.O. Box 520, Gretna, Nebraska 68028. On information and belief, Richard E. Martini is Nu Tsai Capital's registered agent in Illinois and may be served at 4342 DiPaolo Center, Glenview, Illinois 60025.

6. Nu Tsai Capital is in the business of selling holiday lighting, including its "magnetic cord" and "magnetic clip." Nu Tsai Capital distributes and sells these products throughout the United States, including in this district.

## Jurisdiction and Venue

7. This civil action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. 1 et seq., including 35 U.S.C. § 271, among others. The Court has subject-matter jurisdiction over the claims raised in this action under 28 U.S.C. § 1331 and § 1338(a).

8. The Court has personal jurisdiction over Nu Tsai Capital because, among other things, Nu Tsai Capital maintains offices and transacts business within Nebraska and in this

district.  In addition or the alternative, Nu Tsai Capital has committed acts of infringement in this district and continues to commit such acts in this district and/or has placed its infringing products into the stream of commerce, knowing that some of such products would be sold in this district.

9. Venue in this District is proper under 28 U.S.C. § 1400(b) as to Nu Tsai Capital because it resides in Nebraska.  In addition, or in the alternative, venue is proper as to Nu Tsai Capital because it has committed acts of infringement in this district and has a regular and established place of business in this district.

## Factual Allegations

### The Asserted Patents

10. Lite-Netics is the owner by assignment of U.S. Patent No. 7,549,779 ("the '779 Patent") and U.S. Patent No. 8,128,264 ("the '264 Patent") (collectively, the "Asserted Patents").

11. The '779 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on June 23, 2009.  A true and correct copy of the '779 Patent is attached hereto as Ex. 1.

12. The '264 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 6, 2012.  A true and correct copy of the '264 Patent is attached hereto as Ex. 2.

13. An example of one embodiment of a magnetic light fixture disclosed in the Asserted Patents is reproduced below in Figure 9A.  The magnetic light fixture includes a socket (8) configured to couple with a light bulb (7) at a first end and a base (3) at a second end.  A magnet (1) is configured to be embedded in the base (3).



FIG. 9A

14. Nu Tsai Capital is not a licensee of the Asserted Patents and does not have permission to practice the inventions claimed in the Asserted Patents.

**Background of Genenbacher and the Technology**

15. Decorative light fixtures have become ubiquitous in signifying the holidays—notably during the Christmas and New Year holiday seasons. Traditionally, decorative light fixtures required cumbersome means to mount the fixtures on houses and poles, such as stapling, wrapping, or clipping.

16. Stapling is undesirable because it is highly likely that the staple may damage the light fixture cord. Further, the staple damages the surface with repeated punctures over time. Stapling also is unavailable for mounting a light fixture on hard surfaces such as metal. Wrapping light fixtures around metal poles often produces unsatisfactory results because it is difficult to secure the light fixtures, and adhesives are visually unappealing and do not provide a long-term solution. Clipping the light fixtures between the fascia and soffit of a house is limited to affixing the fixtures to the eaves of a house. Clipping also requires using a set of clips to fasten the light fixtures to the house.

17. Genenbacher improved this technology by developing the magnetic light fixture that incorporated a magnet into the base. This design enables users to secure light fixtures more

quickly than the prior technology—merely placing the base in contact with the magnetic surface. It was desirable to dispense with extraneous securing mechanisms and surface damaging techniques. Genenbacher's inventions solved these needs and other problems in the art as well. As illustrated in the pictures below, Genenbacher's inventions drastically improved installing and removing light fixtures from surfaces. Further, Genenbacher's inventions are unaffected by the elements, easily withstanding the high-speed gusts of West Texas.





18. Genenbacher filed a utility patent application for a magnetic light fixture on February 16, 2007, which application issued as the '779 Patent in June 2009. He formed Lite-Netics one month later to bring his innovative light fixtures to the market. In March 2012, Genenbacher received the '264 Patent for a magnetic light fixture.

19. By 2013, demand for Genenbacher's magnetic light fixture increased quickly, prompting him to expand Lite-Netics' operation. Genenbacher was accepted to pitch an investment opportunity in Lite-Netics on an episode of Shark Tank, airing in December 2013. While he declined investment offers, Genenbacher continued growing Lite-Netics and expanded its client base to include larger retail stores.

20. By 2017, Genenbacher noticed that competing lighting companies were offering certain clip-on magnetic light fixtures that infringed the Asserted Patents when added to a light string. Refusing to allow these companies to tread off his patented designs, Genenbacher instructed his counsel to send over thirty cease and desist letters. Notably, Nu Tsai Capital received one of these letters, providing Defendant with actual notice of the Asserted Patents.

## Nu Tsai Capital's Infringing Products

21. In Spring 2022, Genenbacher noticed that Nu Tsai Capital was again marketing magnetic light fixtures infringing the Asserted Patents. Specifically, and without limitation, Nu Tsai Capital was marketing a "Magnetic Cord" and "Magnetic Clip" for C7 and C9 lightbulbs ("the Accused Products"). Pictures of the Accused Products are reproduced below.





22. Genenbacher instructed his counsel to send Nu Tsai Capital another cease and desist letter, explaining that they had notice of the Asserted Patents and were willfully infringing them. Nu Tsai Capital's counsel refused to comply with Genenbacher's demands, claiming the products did not infringe the Asserted Patents.

23. Nu Tsai Capital continued offering the Accused Products, brazenly undercutting Lite-Netics' prices by fifty percent. Lite-Netics understands the concept of competitive pricing and encourages healthy competition. But Lite-Netics also understands that competitors do not have carte blanche to price patented products they have copied. Nu Tsai Capital's actions have forced Lite-Netics to defend its property rights to avoid a larger company stealing its technology and muscling it out of the market.

## Causes of Action

### Count I—Infringement of U.S. Patent No. 7,549,779

24. Lite-Netics repeats and realleges the allegations in the preceding paragraphs as if each such allegation were set forth herein in its entirety.

25. The '779 Patent includes fifteen claims.

26. Nu Tsai Capital has directly infringed one or more claims of the '779 Patent by making, importing, using (including for testing or demonstrations), offering for sale, and/or selling the Accused Products in the United States, all in violation of 35 U.S.C. § 271(a). Alternatively, or in addition to, Nu Tsai Capital has induced end-users of the Accused Products in the United States to directly infringe the '779 Patent, in violation of 35 U.S.C. § 271(b). Alternatively, or in addition, Nu Tsai Capital has contributed to the infringement of the '779 Patent by providing end-users with a material part of the claimed inventions (Accused Products), knowing that the end-users would adapt the Accused Products for use in an infringement of the '779 Patent, in violation of 35 U.S.C. § 271(c).

27. More particularly, without limitation, Nu Tsai Capital while knowing of the '779 Patent provided, made, had made, imported, offered for sale, or sold the Magnetic Clip products in the United States directly or indirectly to end-users knowing and intending that the end-user would use the Magnetic Clip products with light bulb sockets, and also knowing that such act would infringe one or more claims of the '779 Patent.

28. In addition, or the alternative, Nu Tsai Capital, while knowing of the '779 Patent provided, made, had made, imported, offered for sale, or sold the Magnetic Clip products in the United States directly or indirectly to end-users contributing to the end-user using the Magnetic Clip product as a material component to directly infringe one or more claims of the '779 Patent. Nu Tsai Capital actively encourages end-users to use the Magnetic Clip product in an infringing manner. In fact, the Magnetic Clip product does not have a non-infringing use.

29. More particularly, and without limitation as to other claims, infringement of Claim 1 is further demonstrated in Ex. 3 attached hereto.

30. Nu Tsai Capital's acts of infringement have occurred within this district and elsewhere throughout the United States.

31. As a result of Nu Tsai Capital's infringing conduct, Lite-Netics has suffered damages of at least $2,500,000 to date. Nu Tsai Capital is liable to Lite-Netics in an amount that adequately compensates it for Nu Tsai Capital's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

32. Nu Tsai Capital had actual notice of the '779 Patent prior to the filing of the lawsuit, or alternatively, by the filing of this lawsuit, yet, despite such notice, continued to willfully engage in infringing acts, which were egregious.

33. Lite-Netics has suffered harm by the infringing activities of Nu Tsai Capital and will be irreparably harmed unless those activities are preliminarily and permanently enjoined by this Court. Lite-Netics does not have an adequate remedy at law.

34. Therefore, Lite-Netics is entitled to enhanced damages up to treble damages under 35 U.S.C. § 284.

35. Considering Nu Tsai Capital's willful infringement, this case should be declared exceptional, and attorneys' fees should be awarded under 35 U.S.C. § 285.

**Count II—Infringement of U.S. Patent No. 8,128,264**

36. Lite-Netics repeats and realleges the allegations in the preceding paragraphs as if each such allegation were set forth herein in its entirety.

37. The '264 Patent includes twenty-six claims.

38. Nu Tsai Capital has directly infringed one or more claims of the '264 Patent by making, importing, using (including for testing or demonstrations), offering for sale, and/or selling the Accused Products in the United States, all in violation of 35 U.S.C. § 271(a). Alternatively, or in addition to, Nu Tsai Capital has induced end-users of the Accused Products

in the United States to directly infringe the '264 Patent, in violation of 35 U.S.C. § 271(b). Alternatively, or in addition, Nu Tsai Capital has contributed to the infringement of the '264 Patent by providing end-users with a material part of the claimed inventions (Accused Products), knowing that the end-users would adapt the Accused Products for use in an infringement of the '264 Patent, in violation of 35 U.S.C. § 271(c).

39. Each end-user of the Accused Products directly infringes one or more claims of the '264 Patent when using these products as intended by Nu Tsai Capital. More particularly, without limitation, each end-user of the Accused Products directly infringes one or more claims of the '264 Patent when the end-user installs the string of light fixture assemblies to a location.

40. More particularly, without limitation, Nu Tsai Capital, while knowing of the '264 Patent provided, made, had made, imported, offered for sale, or sold the Accused Products in the United States directly or indirectly to end-users knowing and intending that the end-user would use one or more of the claimed methods to install the string of light fixture assemblies to a location, and also knowing that such act would infringe one or more claims of the '264 Patent in violation.

41. In addition, or the alternative, Nu Tsai Capital, while knowing of the '264 Patent provided, made, had made, imported, offered for sale, or sold the Magnetic Clip products in the United States directly or indirectly to end-users contributing to the end-user using the Magnetic Clip product as a material component to directly infringe one or more claims of the '264 Patent. Nu Tsai Capital actively encourages end-users to use the Magnetic Clip product in an infringing manner. In fact, the Magnetic Clip product does not have a non-infringing use.

42. More particularly, and without limitation as to other claims, infringement of Claim 1 is further demonstrated in Ex. 4 attached hereto.

43. Nu Tsai Capital's acts of infringement have occurred within this district and elsewhere throughout the United States.

44. As a result of Nu Tsai Capital's infringing conduct, Lite-Netics has suffered damages of at least $2,500,000 to date. Nu Tsai Capital is liable to Lite-Netics in an amount that adequately compensates it for Nu Tsai Capital's infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

45. Nu Tsai Capital had actual notice of the '264 Patent prior to the filing of the lawsuit, or alternatively, by the filing of this lawsuit, yet, despite such notice, continued to willfully engage in infringing acts, which were egregious.

46. Lite-Netics has suffered harm by the infringing activities of Nu Tsai Capital and will be irreparably harmed unless those activities are preliminarily and permanently enjoined by this Court. Lite-Netics does not have an adequate remedy at law.

47. Therefore, Lite-Netics is entitled to enhanced damages up to treble damages under 35 U.S.C. § 284.

48. Considering Nu Tsai Capital's willful infringement, this case should be declared exceptional, and attorneys' fees should be awarded under 35 U.S.C. § 285.

## Requested Relief

Lite-Netics respectfully requests that judgment be entered as follows:

A. That Nu Tsai Capital has directly infringed one or more claims of each of the Asserted Patents;

B. That Nu Tsai Capital has induced infringement of one or more claims of the Asserted Patents;

  C. That Nu Tsai Capital has contributed to the infringement of one or more claims of the Asserted Patents;

  D. That the claims of the Asserted Patents are valid and enforceable;

  E. Awarding damages to Lite-Netics in an amount to be proven at trial, but in no event less than a reasonable royalty, under 35 U.S.C. § 284;

  F. That Lite-Netics has been irreparably harmed by Nu Tsai Capital's infringing activities and is likely to continue to be irreparably harmed by the Nu Tsai Capital's continued infringement;

  G. Preliminarily and permanently enjoining Nu Tsai Capital and its officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused Products, from further infringement, direct and indirect, of the Asserted Patents;

  H. Awarding, as appropriate, expenses, costs, and disbursements incurred in this action against Nu Tsai Capital, including prejudgment and post-judgment interest;

  I. Awarding enhanced damages up to treble damages for Nu Tsai Capital's willful acts of infringement under 35 U.S.C. § 284;

  J. Declaring this to be an exceptional case as to Nu Tsai Capital that is found to have willfully infringed, and awarding attorneys' fees under 35 U.S.C. § 285;

  K. Awarding such other and further relief as this Court deems just and proper.

## **Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lite-Netics hereby demands a trial by jury of all issues so triable.

Dated:  August 31, 2022

Respectfully submitted,

*/s/ Vincent J. Allen*
Vincent J. Allen
Texas State Bar No. 24012209
J. Miguel Hernandez
Texas State Bar No. 24116512
CARSTENS, ALLEN & GOURLEY, LLP
13760 Noel Rd., Suite 900
Dallas, Texas 75240
(972) 367-2001
(972) 367-2002 Fax
allen@cclaw.com
hernandez@cclaw.com

**ATTORNEYS FOR PLAINTIFF
LITE-NETICS LLC**