IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LITE-NETICS, LLC,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>NU TSAI CAPITAL, LLC d/b/a HOLIDAY BRIGHT LIGHTS,<br><br>Defendant/Counter-Plaintiff. | CIVIL ACTION NO.: 8:22-cv-00314<br><br>**DEFENDANT'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**REQUEST FOR ORAL ARGUMENT AND EVIDENTIARY HEARING** |

Defendant/Counterclaim Plaintiff Nu Tsai Capital, LLC d/b/a Holiday Bright Lights ("HBL" or "Counterclaim Plaintiff") respectfully moves this Court for a temporary restraining order and preliminary injunction against Plaintiff/Counterclaim Defendant Lite-Netics, LLC's ("Counterclaim Defendant") pursuant to Federal Rule of Civil Procedure 65.

The grounds of this motion are specifically set forth in HBL's Memorandum in Support of its Motion for Temporary Restraining Order and Preliminary Injunction, filed contemporaneously with this Motion.

WHEREFORE, HBL requests that the Court enter a Temporary Restraining Order and Preliminary Injunction restraining Lite-Netics, LLC together with its officers, directors, members, agents, employees, attorneys ("Lite-Netics Actors") and anyone in active concert or participation with Lite-Netics Actors, from making statements via letters, emails, Facebook, Twitter, or any other social media, mass media, direct marketing, robocalls, press releases, blogs, websites suggesting "copying" by HBL, suggesting HBL customers will be burdened as additional defendants in this or any lawsuit, or suggesting that HBL is a patent infringer.  The Court should also require Lite-Netics to publicize this Court's Order to that effect, and to provide complete discovery to HBL of all relevant marketplace statements.

1

In support of this Motion, the HBL will rely upon the Memorandum in Support of HBL's Motion for Temporary Restraining Order and Preliminary Injunction being filed concurrently with this Motion.

### REQUEST FOR ORAL ARGUMENT AND EVIDENTIARY HEARING

Pursuant to NECivR 7.1(e), HBL respectfully requests oral argument and evidentiary hearing on the Motion for Preliminary Injunction. In support, HBL states that the hearing on the Preliminary Injunction is necessary so that evidence may be offered and received and so the Court can address and set any necessary bond. Assuming evidence will be submitted via declarations, one hour should be sufficient. To the extent live testimony is presented, HBL believes 4-6 hours will likely be required.

Dated: September 30, 2022

NU TSAI CAPITAL, LLC d/b/a HOLIDAY BRIGHT LIGHTS, Defendant.

By: /s/Brian T. McKernan
Brian T McKernan (NE# 22174)
Luke Holst (NE# 23834)
McGrath North Mullin & Kratz, PC
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
(402) 341-3070
bmckernan@mcgrathnorth.com
LHolst@mcgrathnorth.com

and

/s/Robert P. Greenspoon
Robert P Greenspoon (pro hac forthcoming)
William W Flachsbart (pro hac forthcoming)
Dunlap Bennett & Ludwig, PLLC
333 N. Michigan Ave, #2700
Chicago, IL 60601
(312) 551-9500
rgreenspoon@dbllawyers.com
wflachsbart@dbllawyers.com

Attorneys for Nu Tsai Capital, LLC d/b/a Holiday Bright Lights

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of September, 2022, I electronically filed the foregoing Motion for Temporary Restraining Order and Preliminary Injunction with the Clerk of the U.S. District Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

/s/Brian T. McKernan
Brian T. McKernan