IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LITE-NETICS, LLC,<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>NU TSAI CAPITAL LLC, d/b/a HOLIDAY BRIGHT LIGHTS,<br><br>    Defendant/Counterclaimant. | NO. 8:22CV314<br><br>ORDER TO AMEND<br>PRELIMINARY INJUNCTION |

  Lite-Netics's Brief in Support of its November 3, 2022, Motion To Stay Preliminary Injunction, Filing 53, brought to the Court's attention that there is an error in the Preliminary Injunction issued October 27, 2022, Filing 43. The Preliminary Injunction includes the following language: "IT IS FURTHER ORDERED that Lite-Netics shall send this Order to all persons who in the past have received the marketplace communications identified above." Filing 71 at 70. HBL had requested this language in its Proposed Temporary Restraining Order. Filing 32 at 37. However, in its October 7, 2022, Memorandum and Order Regarding Defendant/Counterclaimant's Motion for Temporary Restraining Order, the Court rejected this language as follows:

> This request . . . is beyond the appropriate scope of a TRO in this case, where it requires affirmative action. [*Tumey v. Mycroft AI, Inc*., 27 F.4th 657, 665 (8th Cir. 2022)]. The parties may address the propriety of [this] request[ ] in any additional briefing of the Motion for Preliminary Injunction, but th[is] request[ ] will not be granted in the TRO. In the interim, nothing prevents either party from informing its customers of the TRO.

Filing 32 at 37. No party offered any argument concerning the propriety of this request in the briefing or arguments at the hearing on the preliminary injunction.

  Unfortunately, owing to clerical error, this language was inadvertently reinserted into the Preliminary Injunction which like the TRO was based on HBL's Proposed TRO. The Court now

1

reiterates that the requested relief is beyond the appropriate scope of a preliminary injunction in this case, where it requires affirmative action. *Tumey*, 27 F.4th at 665. Therefore, this language must be stricken and an Amended Preliminary Injunction must be filed. *See K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) ("The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." (quoting *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995))).

Accordingly,

IT IS ORDERED that an Amended Preliminary Injunction shall be filed striking the following language: "IT IS FURTHER ORDERED that Lite-Netics shall send this Order to all persons who in the past have received the marketplace communications identified above."

Dated this 8th day of November, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge