IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LITE-NETICS, LLC,<br><br>      Plaintiff/Counter-Defendant,<br><br>vs.<br><br>NU TSAI CAPITAL LLC, d/b/a HOLIDAY BRIGHT LIGHTS,<br><br>      Defendant/Counterclaimant. | NO. 8:22CV314<br><br>**AMENDED PRELIMINARY INJUNCTION** |

The Court having considered the parties' written submission on the September 30, 2022, Motion for Preliminary Injunction by defendant/counterclaimant Nu Tsai Capital LLC, d/b/a Holiday Bright Lights (HBL), and the arguments of the parties at the preliminary injunction hearing,

THE COURT FINDS, for preliminary purposes,

- that defendant/counterclaimant HBL has made sufficient showing that plaintiff/counter-defendant Lite-Netics, LLC (Lite-Netics) has engaged in tortious interference with business relations and prospective business relations, as claimed in Count IV of HBL's Counterclaim in this action, and has engaged in defamation, as claimed in Count V of HBL's Counterclaim, by sending false, baseless, and defamatory communications to businesses that Lite-Netics knew had business relationships with HBL, falsely accusing HBL of tortious conduct, that is, patent infringement and "copying" of Lite-Netics's products; threatening to include any known company using or reselling the HBL products as co-defendants in this lawsuit contrary to applicable law; and defaming HBL with false and baseless accusations of patent infringement and copying;

1

- that HBL has shown a threat of irreparable harm to its reputation and goodwill caused by Lite-Netics's conduct that is not merely speculative;

- that the balance of harms favors issuance of a preliminary injunction, because Lite-Netics will be free to pursue the marketing of its products by any other means, just not by such deceptive means, while HBL has established that it will suffer irreparable harm in the absence of a preliminary injunction; and

- that the public interest favors enjoining false statements to customers and not inhibiting choice in the marketplace, just as it favors enjoining other kinds of conduct that would distort the marketplace.

IT IS THEREFORE ORDERED that, pending disposition of this case or subsequent court order, Lite-Netics, along with its officers, directors, shareholders, and other agents, is preliminarily enjoined from making statements via letters, emails, Facebook, Twitter, or any other social media, mass media, direct marketing, robocalls, press releases, blogs, websites or otherwise suggesting "copying" by HBL, suggesting HBL customers will be burdened as additional defendants in this or any lawsuit, or suggesting that HBL is a patent infringer.

AND IT IS FURTHER ORDERED that, under Federal Rule of Civil Procedure 65(c), this Preliminary Injunction shall issue immediately, where HBL has previously posted a security or bond in accordance with NECivR 65.1.1 in the amount of $1,000 as security for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby.

Dated this 8th day of November, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

2