IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LITE-NETICS, LLC,<br><br>           Plaintiff,<br><br>vs.<br><br>NU TSAI CAPITAL LLC,<br><br>           Defendant. | 8:22CV314<br><br>MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS |

      This case involves claims by plaintiff/counterdefendant Lite-Netics, LLC, (Lite-Netics) of infringement of its patents for magnetic holiday light fixtures by defendant/counterclaimant Nu Tsai Capital LLC, d/b/a Holiday Bright Lights (HBL). Filing 31. It also involves counterclaims by HBL that Lite-Netics made "objectively baseless allegations" to HBL's clients and customers "that HBL was infringing the Asserted Patents and/or had 'copied' Lite-Netics and/or [that HBL's clients] would have to respond to HBL-product-infringement assertions as . . . added defendant[s]." *See, e.g.*, Filing 82 at 15 (¶ 29). This case is now before the Court on Lite-Netics's Motion to Dismiss [HBL's] Counterclaims for Failure to State a Claim. Filing 83. For the reasons stated below, Lite-Netics's Motion to Dismiss [HBL's] Counterclaims for Failure to State a Claim is denied.

## I. INTRODUCTION

      This statement of the background to this case—and indeed this decision—can be comparatively brief because the Court has already written exhaustive decisions on HBL's Motion for Temporary Restraining Order, Filing 26, and on HBL's Motion for Preliminary Injunction, Filing 43, as well as a detailed although relatively short decision on HBL's Renewed Rule 12(b)(6) Motion to Dismiss Lite-Netics's Amended Complaint, *see* Filing 81. As to reiteration of pertinent factual background, first, Lite-Netics alleges that it sells magnetic light strands used to illuminate

homes and businesses during the holidays pursuant to U.S. Patent No. 7,549,779 (the '779 Patent) and U.S. Patent No. 8,128,264 (the '264 Patent) (collectively, the Asserted Patents), both of which describe the invention as "a light fixture assembly." Filing 31 at 1 (¶ 2), 3 (¶ 10); Filing 31-1 at 2 ('779 Patent, abstract); Filing 31-2 at 2 ('264 Patent, abstract). HBL is marketing two products that Lite-Netics alleges infringe the Asserted Patents: a "Magnetic Cord" and a "Magnetic Clip." Filing 31 at 6 (¶ 21).

Turning to the pertinent procedural background, Lite-Netics filed an original Complaint alleging that HBL was infringing both Asserted Patents, Filing 1, and HBL filed a Counterclaims (but no Answer), Filing 11. HBL also filed a Motion for Temporary Restraining Order and Preliminary Injunction, Filing 12. HBL's Motion for Preliminary Injunction was based on two of HBL's original counterclaims alleging respectively tortious interference with business relationships and defamation. Filing 12 at 4; Filing 12 at 6. Those counterclaims were in turn based on letters or emails Lite-Netics sent to HBL's clients and customers accusing HBL by name of infringing the Asserted Patents. Filing 11 at 6–7 (¶ 26); Filing 11-7 (Counterclaim, Exhibit G). While HBL's Motion for Preliminary Injunction was pending, Lite-Netics filed an Amended Complaint that did not impact HBL's Motion. Filing 31. The Court granted HBL's Motion for Preliminary Injunction on the ground that Lite-Netics's accusations in its letters and emails to HBL's clients and customers were "objectively baseless." Filing 43. However, on interlocutory appeal, the Federal Circuit Court of Appeals vacated this Court's preliminary injunction order and remanded the case for further proceedings consistent with its opinion. Filing 70 at 23, *published at* *Lite-Netics, LLC v. Nu Tsai Capital, LLC*, 60 F.4th 1335 (Fed. Cir. 2023).

After mandate issued on the Federal Circuit's judgment, HBL filed a Renewed Motion to Dismiss. *See* Filing 75. The Court denied HBL's Renewed Motion to Dismiss in its entirety. Filing

81. HBL then filed its Answer to Amended Complaint and Counterclaims. Filing 82. In that pleading, HBL reiterated five of its original counterclaims and withdrew one. As in HBL's original Counterclaim, Count I of the Amended Counterclaims alleges a federal claim of unfair competition and false advertising under 15 U.S.C. § 1125(a), Filing 82 at 15; Count II alleges a claim of unfair competition under the Nebraska Consumer Protection Act (NCPA), Neb. Rev. Stat. § 59-1602, Filing 82 at 16; Count III alleges a claim of deceptive trade practices in violation of the Nebraska Uniform Deceptive Trade Practices Act (NUDTPA), Neb. Rev. Stat. §§ 87-302, 87-303, Filing 82 at 17; Count IV alleges a claim of tortious interference with business relations and prospective business relations, Filing 82 at 18; and Count V alleges a claim of defamation, Filing 82 at 20. This pleading omits the previously pleaded Count VI alleging bad faith patent infringement communications under Colo. Rev. Stat. § 6-112-102 (2018). Filing 82 at 21.[1] As in HBL's original Counterclaim, the first five counterclaims in the Amended Counterclaim are premised on allegations that Lite-Netics made "objectively baseless allegations" to HBL's clients and customers "that HBL was infringing the Asserted Patents and/or had 'copied' Lite-Netics and/or [that HBL's clients] would have to respond to HBL-product-infringement assertions as . . . added defendant[s]." Filing 82 at 15 (¶ 29), 16 (¶ 38), 18 (¶ 45), 18–19 (¶ 51), and 20 (¶ 60).

Lite-Netics now seeks dismissal of HBL's first five counterclaims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Filing 83.

---

[1] This pleading also includes several new counterclaims. Count VII seeks declaratory judgment of non-infringement of Lite-Netics's '779 patent. Filing 82 at 21. Count VIII seeks declaratory judgment of non-infringement of Lite-Netics's '264 patent. Filing 82 at 21. Count IX seeks declaratory judgment of invalidity of Lite-Netics's '779 patent. Filing 82 at 22. Count X seeks declaratory judgment of invalidity of Lite-Netics's '264 patent. Filing 82 at 22. Count XI seeks declaratory judgment of equitable estoppel as to Lite-Netics's '779 patent. Filing 82 at 23. Count XII (improperly numbered as another Count XI) seeks declaratory judgment of equitable estoppel as to Lite-Netics's '264 patent. These new counterclaims are not at issue in Lite-Netics's Motion to Dismiss now before the Court.

## II. LEGAL ANALYSIS

### A. Applicable Standards

Lite-Netics's Motion is premised on the argument that the decision of the Federal Circuit Court of Appeals that vacated the preliminary injunction, Filing 70, also bars the challenged counterclaims. Filing 84 at 2. Lite-Netics argues that the Federal Circuit's decision is "law of the case" on the issues of whether Lite-Netics's infringement claims are "objectively baseless" (they are not) and whether Lite-Netics acted in good faith in asserting its claims (it did). Filing 84 at 2. HBL responds that Lite-Netics "misapprehends" the impact of the Federal Circuit's decision, which HBL argues does not bar its challenged counterclaims. Filing 85 at 2. The Court begins its analysis of the parties' dispute with the standards for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b) and the standards for application of the law-of-the-case doctrine on which Lite-Netics's Motion relies.

### 1. Rule 12(b)(6) Standards

A Rule 12(b)(6) motion to dismiss in a patent case is governed by the law of the regional circuit *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 702 (Fed. Cir. 2023). The Court summarized the Eighth Circuit's Rule 12(b)(6) standards in its prior decision on HBL's Renewed Motion to Dismiss. Filing 81 at 9–10. The Court will not repeat that summary here. Rather, it is enough to reiterate that "[a] claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable." *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680–83 (2009)). The Court must supplement its prior summary of the Rule 12(b)(6) standards in one respect, however. Because the central issue on this Motion to Dismiss is the impact of the law-of-the-case doctrine on the viability of HBL's counterclaims, the Court now adds that a district court may dismiss a case as a matter of law under

4

the law-of-the-case doctrine. *See, e.g.*, *Wilson v. Lamp*, 995 F.3d 628, 632 (8th Cir. 2021) (citing *Thompson v. Commissioner*, 821 F.3d 1008, 1011 (8th Cir. 2016)).

        2.      "Law of the Case" Standards

Because the central issue on this Motion to Dismiss is the impact of the law-of-the-case doctrine on the viability of HBL's counterclaims, a summary of law-of-the-case standards is also appropriate. The parties have not addressed which Circuit's law is controlling on the application of the law-of-the-case doctrine in this patent case.[2] However, the Court notes that the Federal Circuit reiterated just a few years ago that "[t]he 'law of the case' is 'a procedural matter not unique to patent law' to which we apply 'the precedent of the regional circuit in which the case arose.'" *Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1374 (Fed. Cir. 2021) (quoting *Exxon Corp. v. United States*, 931 F.2d 874, 877 n.4 (Fed. Cir. 1991). Thus, the Court will also summarize Eighth Circuit law on that doctrine.

The law-of-the-case doctrine "dictates that 'courts must 'follow decisions made in earlier proceedings to prevent the relitigation of settled issues in a case, thereby protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency.'" *Vogt v. State Farm Life Ins. Co.*, 19 F.4th 1071, 1073–74 (8th Cir. 2021) (quoting *Marshall v. Anderson Excavating & Wrecking Co.,* 8 F.4th 700, 711 (8th Cir. 2021)). The doctrine applies only to an issue "settled" by the Circuit Court of Appeals on a prior appeal. *Marshall*, 8 F.4th at 712. The doctrine applies to "every question decided by the appellate court, whether expressly or by necessary implication," making such questions "finally settled and determined." *Wilson*, 995 F.3d at 634. On the other hand, where the Circuit Court of Appeals remands for further proceedings and

---

[2] Lite-Netics cites both Eight Circuit and Federal Circuit law explaining the doctrine. Filing 84 at 5. HBL cites only Eighth Circuit law. Filing 85 at 8.

has expressly declined to address certain issues, those issues are not "settled" within the meaning of the doctrine. *Marshall*, 8 F.4th at 712. The law-of-the-case doctrine also means that the appellate court "retain[s] the authority to decide whether the district court scrupulously and fully carried out [its] mandate's terms." *Karsjens v. Harpstead*, 74 F.4th 561, 567 (8th Cir. 2023) (quoting *Marshall*, 8 F.4th at 711). The appellate court's review, including review of whether the district court erroneously limited the scope of remand, is *de novo*. *Id.*

### B. The Federal Circuit's Prior Decision

Because the issue here is whether the Federal Circuit's prior decision vacating the preliminary injunction is "the law of the case" on issues involved in HBL's first five counterclaims, the Court will briefly summarize that prior decision. The Court will point out portions of that decision in more detail below in the Court's analysis of the impact of that decision.

When this case came before the Federal Circuit on interlocutory appeal, that court summarized the issue before it and its holding as follows:

> HBL . . . moved for a temporary restraining order and a preliminary injunction, based on two of the state-law counterclaims, against certain speech by Lite-Netics about its patents. The district court issued a preliminary injunction that bars Lite-Netics from suggesting that HBL is a patent infringer, that HBL has copied Lite-Netics's lights, or that HBL customers might be sued.
>
> Lite-Netics appeals the district court's preliminary injunction against its patent-related speech. We hold that the district court abused its discretion in issuing the preliminary injunction because the applicable speech protective legal standards are not met. We vacate the preliminary injunction and remand.

*Lite-Netics*, 60 F.4th at 1337–38 (citations omitted).

The Federal Circuit reiterated that it had "held that federal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Id.* at 1343 (internal quotation marks and citations omitted). The court then observed that "HBL's state-law claims here can survive federal

6

preemption only to the extent that those claims are based on a showing of 'bad faith' action in asserting infringement." *Id.* (internal quotation marks and citations omitted). The Federal Circuit explained further,

> [A] bad faith standard cannot be satisfied in the absence of a showing that the claims asserted were objectively baseless. A patent-infringement allegation is objectively baseless only if no reasonable litigant could realistically expect success on the merits.

*Lite-Netics*, 60 F.4th at 1343 (internal quotation marks and citations omitted). However, for the reasons set out in its decision, the Federal Circuit concluded that Lite-Netics's allegations of infringement were not "objectively baseless," so the Federal Circuit "vacate[d] the district court's order granting a preliminary injunction and remand[ed] the case for further proceedings consistent with this opinion." *Id*. at 1349.

With this summary of the Federal Circuit's decision as the starting point, the Court turns to the impact of the Federal Circuit's analysis on HBL's challenged counterclaims.

### C. The Same Analysis Applies to All Five Counterclaims at Issue

Unlike the situation before the Federal Circuit involving only two of HBL's counterclaims, this Court is entertaining Lite-Netics's Motion to dismiss five of HBL's counterclaims. Whether all five counterclaims are subject to the same standards is a preliminary question the Court must resolve, although only Lite-Netics expressly addressed that question. *See* Filing 84 at 4–7.

When the Federal Circuit addressed the interlocutory appeal, only two state law counterclaims were at issue as the basis for the preliminary injunction. *See Lite-Netics*, 60 F.4th at 1337. Those counterclaims were for tortious interference with business relationships (Count IV of the original Counterclaim, Filing 11 at 11) and defamation (Count V of the original Counterclaim, Filing 11 at 12). Filing 12 at 4; Filing 12 at 6. Those counterclaims remain part of HBL's subsequent Answer and Amended Counterclaim. *Compare* Filing 11 at 11 (¶ 51), 12–30 (¶ 60),

7

*with* Filing 82 at 18–19 (¶ 51), 20 (¶ 60). However, among the five counterclaims now at issue is one pursuant to federal law rather than state law. That counterclaim is the first one, which alleges violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *See* Filing 82 at 15 (Count I). In addition to the state law counterclaims for tortious interference with business relationships and defamation in Counts IV and V, Lite-Netics's Motion challenges two other Nebraska statutory counterclaims for unfair competition and deceptive trade practices in Counts II and III, respectively. Filing 82 at 16–21.

The Court concludes that all five counterclaims are ultimately subject to the same standard. First, all five claims are premised on the same allegedly tortious statements by Lite-Netics as the two state law counterclaims that the Federal Circuit addressed. Specifically, all five allege that Lite-Netics made "objectively baseless allegations" to HBL's clients and customers "that HBL was infringing the Asserted Patents and/or had 'copied' Lite-Netics and/or [that HBL's clients] would have to respond to HBL-product-infringement assertions as . . . added defendant[s]." Filing 82 at 15 (¶ 29), 16 (¶ 38), 18 (¶ 45), 18–19 (¶ 51), and 20 (¶ 60). Not only are all five counterclaims based on the same communications, but they are also all subject to the same "bad faith" standard. As the Federal Circuit has explained,

> Because of the tension between federal patent law and a Lanham Act claim for unfair competition, [*Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340,] 1352–52 [(Fed. Cir. 1999)], this court previously concluded that it will impose § 43(a) liability on a patentee for marketplace statements only if the statements are proven to have been made in bad faith, *id*. at 1354–55.

*Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1321 (Fed. Cir. 2006). Likewise, the Federal Circuit explained in this case that state law tort claims based on a patentholder's communications asserting infringement and warning about potential litigation are preempted by federal patent law unless the patentholder's communications about infringement and

8

potential litigation are in "bad faith." *Lite-Netics*, 60 F.4th at 1343. Thus, all five counterclaims at issue ultimately stand or fall on the same "bad faith" ("objective baselessness") requirement.

### D. The Prior Federal Circuit Decision Does Not Bar HBL's First Five Counterclaims

*1. The Federal Circuit's Decision Was on an Interlocutory Appeal that Typically Is Not Law of the Case*

Next, the Court will consider HBL's argument that the procedural footing of the Federal Circuit's prior decision means that decision is not law of the case. Filing 8. The Federal Circuit's decision was on Lite-Netics's appeal of this Court's "preliminary injunction against patent-related speech." *Lite-Netics*, 60 F.4th at 1337. An appeal of an order granting or denying a preliminary injunction falls within the interlocutory jurisdiction of a Circuit Court of Appeals under 28 U.S.C. § 1292(a)(1). *See, e.g.*, *Eggers v. Evnen*, 48 F.4th 561, 564 (8th Cir. 2022).[3]

An important caveat to application of the law-of-the-case doctrine under Eighth Circuit law—at least for present purposes—is that "the law-of-the-case doctrine does not apply to interlocutory orders." *Alexander v. Jensen-Carter*, 711 F.3d 905, 910 (8th Cir. 2013); *Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburg, Pa.*, 621 F.3d 697, 712 (8th Cir. 2010) ("[W]e have stated that the doctrine is not applicable to interlocutory orders." (citing *Gander Mountain Co. v. Cabela's Inc.*, 540 F.3d 827, 830–31 (8th Cir. 2008), as refusing to apply the law-of-the-case doctrine based on a determination implicit in an interlocutory order)); *Murphy v. FedEx*

---

[3] More specifically, the statutory provision states:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
>
>> (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court[.]

28 U.S.C. § 1292(a)(1).

*Nat. LTL, Inc.*, 618 F.3d 893, 905 (8th Cir. 2010) ("The law-of-the-case doctrine only applies to final orders, not interlocutory orders." (also citing *Gander Mountain Co.*, 540 F.3d at 830)); *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 620 (8th Cir. 2007) (explaining that the law-of-the-case doctrine "does not apply to interlocutory orders"); *United States v. Hively*, 437 F.3d 752, 766 (8th Cir. 2006) ("The doctrine does not apply to interlocutory orders, however, for they can always be reconsidered and modified by a district court prior to entry of a final judgment."). That is not necessarily the end of the matter for the impact of the Federal Circuit's decision, however.

Although the statements in the decisions cited in the preceding paragraph sound like categorical exclusions of interlocutory orders from the scope of the law-of-the-case doctrine, there are hints that the Eighth Circuit Court of Appeals will apply the law-of-the-case doctrine to a question of law decided on an interlocutory appeal of a preliminary injunction, at least in some circumstances. *See Entergy, Arkansas, Inc. v. Nebraska*, 241 F.3d 979, 987 (8th Cir. 2001) ("Although our review of the district court's decision to grant an injunction was under an abuse of discretion standard, we reviewed de novo its legal conclusion that Nebraska had waived its Eleventh Amendment immunity. We carefully considered the Eleventh Amendment issue before deciding it in the course of the preliminary injunction appeal, and our holding that Nebraska waived its immunity from claims by the Commission, including claims for damages, is now the law of the case." (internal citations omitted)); *Howe v. Varity Corp.*, 36 F.3d 746, 752 (8th Cir.) (stating that an interpretation of contractual language on a prior appeal in the case reversing a district court's grant of a preliminary injunction was law of the case), *opinion clarified*, 41 F.3d 1263 (8th Cir. 1994), *aff'd*, 516 U.S. 489 (1996), *and aff'd*, 516 U.S. 489 (1996).

10

This Court must decide if the Federal Circuit's decision is law of the case on some or any issues even though it was interlocutory. This Court concludes that it is not law of the case, for the reasons discussed in the next two subsections.

2. *The Federal Circuit Remanded for Further Proceedings and Expressly Declined to Decide Several Issues*

The Federal Circuit's resolution of the interlocutory appeal demonstrates that it was not intended to be law of the case. Where the appellate court remands for further proceedings and expressly declines to address certain issues, those issues are not "settled" within the meaning of the doctrine. *Marshall*, 8 F.4th at 712. In this case, the Federal Circuit Court of Appeals did just that.

First, the Federal Circuit explicitly "remand[ed] the case for further proceedings consistent with [its] opinion." *Lite-Netics*, 60 F.4th at 1349. Thus, there can be no doubt that the Federal Circuit did not believe its decision finally resolved all the issues raised by the pertinent counterclaims. Just as importantly, the Federal Circuit stated,

> HBL has not argued that we should uphold some portions of the preliminary injunction even if we find other portions to be an abuse of discretion. In this case, with no such argument, we will not do so, but instead will vacate the injunction if it is based on an abuse of discretion.

*Lite-Netics*, 60 F.4th at 1344. Therefore, even though two patents were at issue, the Federal Circuit limited its conclusion that this Court abused its discretion to "the finding that Lite-Netics's infringement allegations with respect to the '779 patent are objectively baseless," which the Federal Circuit stated was the "core rationale for granting the preliminary injunction." *Id.* Indeed, the Federal Circuit stated, "We need not and do not address other issues." *Id.* In a footnote, the Federal Circuit gave "examples" of issues it was not addressing as "infringement of the '264 patent, with its requirement that the magnet 'does not protrude outside of said base,'" and "the

11

issues (concerning direct and indirect infringement) raised by Lite-Netics's statement about suing HBL customers." Id. at 1344 n.2.

Still further, the Federal Circuit stated,

> [T]he preliminary injunction is to a large extent based on three legal conclusions with respect to Lite-Netics's assertion of the '779 patent: (i) that the claimed "magnet" is limited to a single magnet with a unitary structure; (ii) that Lite-Netics is estopped from asserting infringement under the doctrine of equivalents; and (iii) that the claim terms "attached" and "integrally attached" must be "something more than touching." For reasons we will set out, we conclude that Lite-Netics's position on all three of those disputes has not been shown, at this stage of the litigation (before, *e.g.*, full claim construction proceedings or possible expert reports on infringement), to be objectively baseless. That conclusion requires vacatur of the preliminary injunction, without finally resolving the underlying disputes about claim construction, prosecution history estoppel, or other issues.

*Lite-Netics*, 60 F.4th at 1345. Thus, the Federal Circuit explicitly limited the issues it was addressing to those relating to the '779 patent, delineated expressly the disputes it was deciding—going so far as to number them—and identified issues that it was not deciding as "underlying disputes about claim construction, prosecution history estoppel, or other issues." *Id.*

Plainly, the issues the Federal Circuit declined to decide are not law of the case. *See Marshall*, 8 F.4th at 712. It follows that counterclaims that turn on any of those undecided issues are not barred by the law-of-the-case doctrine. *Id.* (explaining that the doctrine applies only to an issue "settled" by the Circuit Court of Appeals on a prior appeal). The foundation of the counterclaims at issue is precisely that Lite-Netics's allegations of infringement, copying, and suing customers as additional defendants are "objectively baseless" in light of claim construction, prosecution history estoppel, and other issues. *See, e.g.*, Filing 82 at 8.

    3.    *The Federal Circuit Made Clear Its Decision Was on the Available Record*

In addition, the Federal Circuit expressly stated that its decision on "objective baselessness" was being made on the evidence available "at this stage of the litigation (before, *e.g.*, full claim construction proceedings or possible expert reports on infringement)." *Lite-Netics,*

60 F.4th at 1345. In this Court's view, this statement makes clear that the "objective baselessness" determination could well be different at a more advanced stage of the litigation, after full claims construction and consultation of expert reports on infringement. This is contrary to the circumstances in which the Eighth Circuit has held that an interlocutory appeal was law of the case on an issue the appellate court had thoroughly and carefully considered. *See Entergy, Arkansas, Inc.*, 241 F.3d at 987 ("We carefully considered the Eleventh Amendment issue before deciding it in the course of the preliminary injunction appeal, and our holding that Nebraska waived its immunity from claims by the Commission, including claims for damages, is now the law of the case." (internal citations omitted)). The inference that a different result was possible on a more complete record also sets the Federal Circuit's decision apart from one in which the court made a final interpretation of a controlling document. *See Howe*, 36 F.3d at 752 (stating that an interpretation of contractual language on a prior appeal in the case reversing a district court's grant of a preliminary injunction was law of the case).

Indeed, the Federal Circuit injected similar caveats repeatedly in its decision. The next such caveat appears in the Federal Circuit's consideration of alleged direct infringement by HBL's Magnetic Cord, which has two magnets, each with a pull strength less than five pounds, versus references in the '779 patent to "a magnet." *Id.* at 1345. The Federal Circuit observed,

> On the record before us, we see no basis for deeming objectively unreasonable an assertion that two such pieces would be understood by a relevant artisan as a single "magnet," whether as a matter of claim construction or as a matter of application.

*Lite-Netics*, 60 F.4th at 1345. The court then referred to its decisions finding that use of "a" or "an" is understood to mean "one or more," unless context sufficiently indicates otherwise. *Id.* While this Court found the context did sufficiently indicate otherwise, the Federal Circuit found "none of the features of the claims or specification relied on by the district court sufficiently indicate otherwise, at least for purposes of the inquiry into whether Lite-Netics's position was objectively

13

baseless." *Id.* at 1345–46 (citation omitted). Thus, twice in its analysis of the one-versus-two magnets issue, the Federal Circuit made clear that its determination was made "on the record before" it or on the record relied on by this Court at the preliminary injunction stage, not that a contrary determination was impossible upon a more complete record. Contra *Entergy, Arkansas, Inc.*, 241 F.3d at 987; *Howe*, 36 F.3d at 752.

Likewise, there was another caveat in the Federal Circuit's consideration of infringement under the doctrine of equivalents using two versus one magnet. The Federal Circuit pointed out that this Court had relied on its finding that the clear intention to limit "a magnet" to one singular magnet foreclosed infringement under the doctrine, but that this Court had not addressed "the merits of whether the two magnets in the Magnetic Cord performed substantially the same overall function or work, in substantially the same way, to produce substantially the same overall result as (by assumption now) the claimed single magnet." *Lite-Netics*, 60 F.4th at 1347 (cleaned up with citation omitted). The Federal Circuit held that this Court's "discussion of the specification does not identify anything sufficient to make Lite-Netics's equivalence assertion baseless." *Id.* In response to HBL's assertions that the prosecution history estopped Lite-Netics's argument on this issue, the Federal Circuit said,

> We go no further here than to say that HBL has not shown in this court that, during prosecution, Lite-Netics made amendments or statements concerning the number of magnets (as opposed to the pull strength required, *see* J.A. 238) that make prosecution history estoppel so clearly applicable that it is objectively baseless for Lite-Netics to assert infringement under the doctrine of equivalents.

*Lite-Netics*, 60 F.4th at 1347. Again, this is not the language of thorough and final analysis, but language recognizing that the decision was based on a limited and preliminary record. Contra *Entergy, Arkansas, Inc.*, 241 F.3d at 987; *Howe*, 36 F.3d at 752.

Under the circumstances, this Court concludes that the Federal Circuit's decision was not—and was not intended to be—the law of the case as to any determination on interlocutory appeal.

14

Because the contention that the Federal Circuit's decision is law of the case is fundamental to Lite-Netics's Motion to Dismiss, that Motion must be denied.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Lite-Netics's Motion to Dismiss [HBL's] Counterclaims for Failure to State a Claim, Filing 83, is denied.

Dated this 31st day of October, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge