IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LITE-NETICS, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>NU TSAI CAPITAL LLC,<br><br>                Defendant. | **8:22CV314**<br><br>**FINAL PROGRESSION ORDER** |

       On January 19, 2024, the Court ordered the parties to submit an updated Rule 26(f) Report to memorialize the case progression already undertaken by the parties and set new deadlines going forward. The parties filed the joint report on February 9, 2024. Filing No. 120. The Court adopts the deadlines which have already passed as stipulated to by the parties.

       Accordingly,

       IT IS ORDERED that the final progression order is as follows:

1)     The deadline for serving initial mandatory disclosures under Rule 26(a)(1) is **October 26, 2023**. The parties indicated they have filed such disclosures. *See* Filing Nos. 89 and 91.

2)     The deadline to amend pleadings or add parties are:

           For the plaintiff(s):        **October 26, 2023**

           For the defendant(s):      **October 26, 2023**

3)     Patent Disclosures

       a. The deadline for Plaintiff's Disclosure of Asserted Claims and Infringement Contentions and accompanying document production is **November 6, 2023**. Plaintiff indicated it filed such disclosures. *See* Filing No. 93.

b. The deadline for Defendant's Invalidity Contentions and accompanying document production is **November 20, 2023**. Defendant indicated it filed such disclosures. *See* Filing No. 96.

c. Amendment of Infringement Contentions or Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.

d. Opinions of Counsel: The deadline for compliance is 60 days after the Court issues its Claim Construction Order. As stipulated by the parties in their Joint Rule 26(f) Report, Filing No. 120, this includes:

   i. Producing or making available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product production has been waived; and

   ii. Serving a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

   iii. A party opposing a claim of patent infringement who does not comply with the requirements of this section shall not be permitted to rely on an opinion of counsel as part of a defense absent order of the Court, which shall be entered only upon a showing of good cause.

e. No later than **December 5, 2023**, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed or found indefinite by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(f). The parties indicated this exchange has occurred. *See* Filing Nos. 100 and 102.

f. The parties shall meet and confer for the purposes: of finalizing the list referred to in paragraph 3(e); narrowing or resolving differences; and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

g. On or before **January 8, 2024**, the parties shall simultaneously exchange a Preliminary Claim Construction and identification of

Extrinsic Evidence. The parties indicated this exchange has occurred. *See* Filing Nos. 108 and 109.

h. On or before **January 19, 2024**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement which shall contain the information set forth in the Joint Rule 26(f) Report. This statement has been filed. *See* Filing No. 113.

i. The parties shall simultaneously serve a disclosure of expert testimony consistent with Fed. R. Civ. P. 26(a)(2)(B(i)-(ii) or 26(a)(2)(C)) for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position or to oppose any other party's proposed claim construction or indefiniteness position by **February 7, 2024**.

j. Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, and no later than **February 20, 2024**, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Pre-hearing Statement.

k. Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, and no later than **March 4, 2024**, the party claiming patent infringement shall serve and file an opening brief. All asserted patents and any supporting evidence should be filed in an index separate from the brief.

l. Not later than 21 days after service upon it of an opening brief, and no later than **March 25, 2024**, each opposing party shall serve and file its responsive brief and supporting evidence. All asserted patents and any supporting evidence should be filed in an index separate from the brief.

m. Not later than 7 days after service upon it of a responsive brief, and no later than **April 1, 2024**, the party claiming patent infringement shall serve and file any reply brief directly rebutting the supporting evidence contained in an opposing party's response. Any supporting evidence should be filed in an index separate from the brief.

n. On or before **April 5, 2024**, the parties shall jointly file a claim construction chart addressing the subjects set forth in the Joint

       Rule 26(f) Report. *See* Filing No. 120.

    o. The Claim Construction Hearing for this matter is set to commence before Brian C. Buescher, United States District Judge, in Courtroom 5, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at **9:00 a.m**. on **May 6, 2024**.

4) The parties shall contact the magistrate judge assigned to this case within fourteen (14) days of the issuance of the ruling on claim construction to schedule a status conference to discuss the remaining case progression.

5) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

6) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 13th day of February, 2024.

                                        BY THE COURT:

                                        *s/ Jacqueline M. DeLuca*
                                        United States Magistrate Judge